**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SERGEANTS BENEVOLENT ASSOCIATION HEALTH & WELFARE FUND, on behalf of itself and all others similarly situated, | Case No. 1:16-cv-07229-WHP |
| Plaintiff, | |
| vs. | |
| FOUGERA PHARMACEUTICALS, INC., HI-TECH PHARMACAL CO., INC., PERRIGO COMPANY PLC, SANDOZ, INC., TARO PHARMACEUTICAL INDUSTRIES, LTD., TARO PHARMACEUTICALS USA, INC., and WOCKHARDT USA LLC, | |
| Defendants. | |
| SERGEANTS BENEVOLENT ASSOCIATION HEALTH & WELFARE FUND, on behalf of itself and all others similarly situated, | Case No. 1:16-cv-07987-WHP |
| Plaintiff, | |
| vs. | |
| FOUGERA PHARMACEUTICALS, INC., PERRIGO COMPANY PLC, PERRIGO NEW YORK, INC., SANDOZ, INC., TARO PHARMACEUTICAL INDUSTRIES, LTD., and TARO PHARMACEUTICALS USA, INC., | |
| Defendants. | |
| SERGEANTS BENEVOLENT ASSOCIATION HEALTH & WELFARE FUND, on behalf of itself and all others similarly situated, | Case No. 1:16-cv-08911-WHP |
| Plaintiff, | |

vs.

TARO PHARMACEUTICAL INDUSTRIES,
LTD., TARO PHARMACEUTICALS USA,
INC., SUN PHARMACEUTICAL
INDUSTRIES LTD., TEVA
PHARMACEUTICAL INDUSTRIES LTD.,
and TEVA PHARMACEUTICALS USA INC.,

   Defendants.

**MEMORANDUM OF LAW IN RESPONSE TO MOTIONS FOR CONSOLIDATION
AND APPOINTMENT OF INTERIM LEAD COUNSEL**

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................... 1

II.     THE PARTIES' POSITIONS ON ORGANIZATION AND LEADERSHIP ................... 2

III.    ARGUMENT ........................................................................................................ 3

        A.      Similarities Among the Related Actions Warrant Coordination on a
                Master Docket ........................................................................................... 3

        B.      Leadership of the Related Actions Should Be Centralized, Not Separate ............. 5

        C.      Girard Gibbs Should Be Appointed as Interim Lead Counsel for the
                Related Actions ........................................................................................... 7

                1.      Girard Gibbs Identified and Investigated the Claims in the Related
                        Actions ........................................................................................... 7

                2.      Girard Gibbs Has Current Experience Leading Pharmaceutical
                        Antitrust Cases ............................................................................... 9

IV.     CONCLUSION .................................................................................................. 10

**Cases**

*Four In One Co. v. SK Foods, L.P.*
  2009 WL 747160 (E.D. Cal. Mar. 20, 2009) ............................................................ 6

*In re Community Bank of N. Va.*
  622 F.3d 275 (3d Cir. 2010) ................................................................................ 7

*In re Crude Oil Commodity Futures Litig.*
  2012 WL 569195 (S.D.N.Y. Feb. 14, 2012) ........................................................... 6

*In re Muni. Derivs. Antitrust Litig.*
  252 F.R.D. 184 (S.D.N.Y. Aug. 1, 2008) ............................................................. 7

*Richey v. Ellis*
  2013 WL 179234 (D. Colo. Jan. 17, 2013) ............................................................ 7

 **Rules**

Fed. R. Civ. P. 23 ..................................................................................................... 7

**Other Authorities**

Manual for Complex Litigation (Fourth) (2004) ................................................... 5, 6

## I.   <u>INTRODUCTION</u>

All parties to these Related Actions[1] agree that some form of consolidation and coordination is needed, and that one or more firms should be appointed as interim lead counsel. The parties' positions diverge, however, as to (1) whether there should be centralized leadership and (2) which firm or firms should be charged with leading the cases.

A majority of the parties—including Sergeants and defendants—agree that it is not appropriate at this time to consolidate claims relating to all three drugs into a single action. Instead, Sergeants respectfully submits that the most efficient course is to order the filing of separate consolidated complaints for clobetasol and desonide, with formal coordination of pretrial proceedings in the three cases to avoid duplication.

The Related Actions involve overlapping defendants and time periods, implicate the same class of drugs and market characteristics, and allege substantially similar conspiracies. To maximize efficiency, Sergeants proposes that leadership of the cases be centralized and that Girard Gibbs LLP be appointed as interim lead (or co-lead) counsel. The attorneys at Girard Gibbs are not only experienced in leading pharmaceutical antitrust cases but also have taken the lead in investigating and prosecuting these Related Actions. *See* Defs.' Br. at 2-5.[2]

---

[1] The Related Actions are *Sergeants Benevolent Assoc. Health & Welfare Fund v. Fougera Pharms., Inc.* (1:16-cv-07229) ("*Sergeants I*"); *United Food & Comm. Workers Unions & Emps. Midwest Health Benefits Fund v. Fougera Pharms., Inc.* (1:16-cv-07979) ("*UFCW*"); *Sergeants Benevolent Assoc. Health & Welfare Fund v. Fougera Pharms., Inc.* (1:16-cv-07987) ("*Sergeants II*"); *NECA-IBEW Welfare Trust Fund v. Akorn, Inc.* (1:16-cv-08109) ("*NECA*"); *Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund v. Fougera Pharms., Inc.* (1:16-cv-08374) ("*Plumbers*"); *A. F. of L. – A.G.C Building Trades Welfare Plan v. Akorn, Inc.* (1:16-cv-08469) ("*A. F. of L.*"); *Int'l Union of Operating Eng'gs Local 30 Benefits Fund v. Fougera Pharms., Inc.* (1:16-cv-08539) ("*IUOE Local 30*"); *Sergeants Benevolent Assoc. Health & Welfare Fund v. Taro Pharm. Indus., Ltd.* (1:16-cv-08911) ("*Sergeants III*").

[2] Sergeants reserves any further argument on the issue of production of DOJ subpoenas and related communications for reply.

## II.   THE PARTIES' POSITIONS ON ORGANIZATION AND LEADERSHIP

All parties presented their positions on organization and leadership of the Related Actions on November 22, 2016.

**Organization.**  Regarding organization, there are two competing proposals.  Sergeants, certain other plaintiffs, and defendants take the position that consolidation for all purposes is unwarranted, that the cases should remain formally separate for the time being, and that some form of coordination is appropriate.  Sergeants Br. at 4-6; Defs.' Br. at 8-9, 11; NECA Br. at 2, 20; A. F. of L. Br. at 3-5.  Two plaintiffs—Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund  and International Union of Operating Engineers Local 30 Benefit Fund—propose that the clobetasol and desonide claims be consolidated into a single action.  Plumbers Br. at 9-10; IUOE Local 30 Br. at 12.

**Leadership.**  With the exception of United Food and Commercial Workers Unions and IUOE Local 30, all plaintiffs seek to have their counsel appointed as interim lead counsel. UFCW supports appointment of Girard Gibbs as interim lead counsel.  Sergeants Br. at 3 n. 3. IUOE Local 30 proposes that its counsel be appointed "to a leadership or supporting position." IUOE Local 30 Br. at 2.  Defendants take no position on leadership.

There are two competing approaches for the organization of plaintiffs' counsel in the Related Actions.  Three of the five moving plaintiffs—Sergeants, Plumbers, and IUOE Local 30—propose that one or more firms be appointed to guide the coordinated or consolidated actions.  Plumbers and IUOE Local 30 filed complaints on behalf of indirect purchasers of both

clobetasol and desonide, and seek appointment of their counsel to lead both matters.[3]  Plumbers Br. at 1; IUOE Local 30 Br. at 14.  The remaining two plaintiffs—NECA-IBEW Welfare Trust Fund  and A. F. of L. – A.G.C. Building Trades Welfare Plan—suggest that separate lead counsel be appointed for each drug, and seek appointment of their counsel as interim lead counsel in the clobetasol matter only.[4]  NECA Br. at 2-3; A. F. of L. Br. at 2.

Sergeants alone filed complaints on behalf of indirect purchasers of clobetasol, desonide, and fluocinonide.  To promote efficiency, and to avoid duplicative discovery and inconsistent rulings, Sergeants proposes that the cases be formally coordinated on a master docket, *In re Topical Corticosteroids Antitrust Litigation*, and that its counsel, Girard Gibbs, be appointed interim lead counsel for the litigation.  Sergeants Br. at 4-5, 7-15.

## III.   ARGUMENT

### A.   Similarities Among the Related Actions Warrant Coordination on a Master Docket

While Sergeants believes consolidation of the Related Actions is not warranted at this time (*see* Sergeants Br. at 5-6), the claims regarding clobetasol, desonide, and fluocinonide raise numerous common or closely related issues of law and fact, including the following:

**Class of Drugs.**  The Related Actions arise out of alleged price fixing in the markets for three frequently prescribed topical corticosteroids of varying strengths that are used to treat severe skin conditions.  *Sergeants III*, ECF No. 1 at ¶ 42.

---

[3] Hausfeld LLP is counsel for Plumbers and IUOE Local 30.  Hach Rose Schirripa & Cheverie LLP is also counsel for IUOE Local 30.

[4] NECA initially sought appointment of its counsel to lead both the clobetasol and desonide cases but now seeks to represent indirect purchasers of clobetasol only.  *NECA*, ECF No. 24.  Robbins Geller Rudman & Dowd LLP and Boies Schiller & Flexner LLP are counsel for NECA.  Motley Rice, LLC is counsel for A. F. of L.

**Market Characteristics.**  The characteristics of the alleged clobetasol, desonide, and fluocinonide markets are substantially the same.  *Compare, e.g.*, *Sergeants I*, ECF No. 1 at ¶ 60 (alleging that the clobetasol market has been characterized by: "(1) market concentration among a limited number of participants; (2) high barriers to entry; (3) mutual interchangeability of Defendants' products; (4) inelasticity of demand; (5) the lack of available substitutes for the products involved; (6) absence of a competitive group of sellers; and (7) ease of information sharing among Defendants"), *with Plumbers*, ECF No. 13 at ¶ 95 (alleging the same seven factors characterize the clobetasol and desonide markets); *see also Sergeants III*, ECF No. 1 at ¶ 54.

**Overlapping Defendants.**  Sergeants' three complaints (and all of the Related Actions) name Taro as a defendant.  The clobetasol and desonide actions also share a common family of defendants (Fougera Pharmaceuticals, Inc., and Sandoz, Inc.).  *Compare Sergeants I*, ECF No. 1 at ¶¶ 12-13, *with Sergeants II*, ECF No. 1 at ¶¶ 14-15; *see also NECA*, ECF No. 1 at ¶¶ 12-13.  In addition, Sergeants' fluocinonide complaint names Sun Pharmaceutical Industries, Ltd., which, like Taro, was recently subpoenaed by the DOJ.  Sergeants alleges that representatives of Sun, Taro's corporate parent,[5] attended many of the relevant GpHA trade association meetings.  Sun is therefore likely to be named as a defendant in all three cases.  *Sergeants III*, ECF No. 1 at ¶¶ 11, 17, 46-47.

**Overlapping Time Periods.**  Defendants' alleged price increases all began in either 2013 or 2014, with supra-competitive pricing continuing to the present.  *See Sergeants I*, ECF No. 1 at

---

[5] While defendants note that "the Lidex Complaint names three additional defendants who are not parties to the Clobetasol or Desonide Actions," the Lidex (fluocinonide) complaint only asserts claims against a single new group of defendants—the Teva entities.  Defs.' Br. at 1.

¶¶ 2, 23 (June 2014 to present); *Sergeants II*, ECF No. 1 at ¶¶ 3-4, 87 (June 2013 to present); *Sergeants III*, ECF No. 1 at ¶¶ 3-4, 43-44, 52, 90 (summer 2014 to present).  Sergeants' clobetasol and fluocinonide complaints allege that defendants' collusive price increases in both of these drug markets were implemented in the summer of 2014.

    **Similar Alleged Conspiracies.**  The Related Actions all assert that defendants had opportunities to collude at GpHA meetings in 2013 and 2014, and increased their prices after those meetings.  *E.g.*, *NECA*, ECF No. 1 at ¶ 1; *Plumbers*, ECF No. 13 at ¶¶ 47, 62; *Sergeants III*, ECF No. 1 at ¶¶ 44-48.  The same set of meetings is at issue in the clobetasol and fluocinonide cases.  *Compare, e.g., A. F. of L.*, ECF No. 1 at ¶ 76, *with Sergeants III*, ECF No. 1 at ¶¶ 44-48.

    Given the substantial overlap among each of the Sergeants actions and the other Related Actions, Sergeants submits that the interests of efficiency would be best served by coordinating these actions on a master docket.  *See* Manual for Complex Litigation (Fourth) § 20.11 at 218 (2004) ("When cases are coordinated or consolidated, the court should enter an order establishing a master file for the litigation in the clerk's office, relieving the parties from multiple filings of the same pleadings, motions, notices, orders, and discovery materials, and providing that documents need not be filed separately in an individual case file unless uniquely applicable to that particular case.").  Coordination would ensure, for example, that witnesses with knowledge relevant to more than one of the cases are deposed only once.

    **B.**    **Leadership of the Related Actions Should Be Centralized, Not Separate**

    The factual and legal commonalities among the Sergeants actions and the other Related Actions suggest that there are substantial efficiencies to be gained by appointing interim lead counsel to coordinate discovery proceedings and motion practice.  These efficiencies would best be realized by vesting authority in one or perhaps two firms to lead the coordinated litigation,

rather than appointing separate teams of attorneys for each case. *See In re Crude Oil Commodity Futures Litig.*, No. 11 CIV. 3600 WHP, 2012 WL 569195, at *2 (S.D.N.Y. Feb. 14, 2012) (observing that concentrated leadership is optimal because "committees of counsel can lead to substantially increased costs and unnecessary duplication of efforts," including from "overstaffing") (citation omitted); *Four In One Co. v. SK Foods, L.P.*, No. 2:08-cv-03017MCEEFB, 2009 WL 747160, at *3 (E.D. Cal. Mar. 20, 2009) ("[T]he appointment of more than two co-lead counsel, and anything other than a single liaison counsel, would engender duplication of effort not in the best interest of either a focused or efficient class representation.").

The court presiding over *In re Automotive Parts Antitrust Litigation*—which involves coordinated antitrust cases regarding different products, but with overlapping parties and operative facts—adopted a similar case management structure and appointed three law firms as interim co-lead counsel to oversee more than 25 separately consolidated end-payor cases. *See* Supplemental Declaration of Daniel C. Girard, Ex. A (Order Granting End-Payor Plaintiffs' Application for Appointment of Interim Co-Lead Class Counsel and Liaison Counsel, *In re Automotive Parts Antitrust Litigation*, No. 12-md-02311-MOB-MKM, ECF No. 65 at 1 (E.D. Mich. Mar. 23, 2012)); Ex. B (Case Management Order No. 3, *In re Automotive Parts Antitrust Litigation,* No. 12-md-02311-MOB-MKM, ECF No. 271 at 2 (E.D. Mich. Aug. 7, 2012)). A similarly concentrated leadership structure will maximize efficiency in this litigation. *See* Manual for Complex Litigation (Fourth) § 10.221 at 25 (2004) ("The types of appointments and assignments of responsibilities will depend on many factors. The most important is achieving efficiency and economy . . . .").

Separate leadership for each of the clobetasol, desonide, and fluocinonide cases would be counterproductive and would inevitably lead to duplication of effort, with different lead counsel

taking different approaches to common issues.  Worse, the law firms could end up jockeying for primacy in advancing their respective cases.  Appointing a single lead or perhaps co-lead counsel with authority over all three cases will facilitate more effective and efficient coordination and allow lead counsel to call upon the resources and experience of other plaintiffs' counsel in this matter.

#### C.   Girard Gibbs Should Be Appointed as Interim Lead Counsel for the Related Actions

##### 1.   Girard Gibbs Identified and Investigated the Claims in the Related Actions

Girard Gibbs led the investigation of the Related Actions and was the first to file each of them, weighing in favor of the firm's appointment.  *In re Community Bank of N. Va.*, 622 F.3d 275, 305 (3d Cir. 2010) (noting that "an important factor" in assessing the adequacy of counsel is "'the work counsel has done in identifying or investigating potential claims in the action'") (quoting Fed. R. Civ. P. 23(g)(1)(A)(i)); *In re Muni. Derivs. Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. Aug. 1, 2008) (designating firms as lead counsel where they "filed the first complaints" and later-filed complaints were "substantially similar"); *see also Richey v. Ellis*, Nos. 12-cv-1831-WJM-MEH, *et al.*, 2013 WL 179234, at *2 (D. Colo. Jan. 17, 2013) (holding that first to file is a relevant factor where the other factors under Rule 23(g) do not tilt heavily in either direction) (citation omitted); *cf.* Fed. R. Civ. P. 23 advisory committee's note (2003) ("The fact that a given attorney filed the instant action, for example, might not weigh heavily in the decision if that lawyer had not done significant work identifying or investigating the claims.").

Over the course of seven months, Girard Gibbs, in consultation with senior medical professionals, identified and investigated each of the three antitrust cases.  *Sergeants I*, ECF 75 at ¶¶ 2-3.  Girard Gibbs' investigation entailed: (1) detailed analysis of pricing data; (2) research

into the topical corticosteroid market; and (3) market share analysis.  *Id*.  Girard Gibbs' efforts

led to identification of the formulations of each drug that underwent coordinated price increases,

and the manufacturers responsible for those increases.  *Id*.  The firm was the first to file a

clobetasol case (by nearly a month), the first to file a desonide case, and the only firm to file a

case alleging anticompetitive conduct in the market for fluocinonide.  *Id*.

As defendants observe in their Motion to Sever and Consolidate, each of the later-filed

clobetasol and desonide cases adheres to the core allegations of the Sergeants cases:

- **NECA.**  "[W]hile NECA's complaint adds additional charts and graphics, the factual

  allegations concerning the alleged Clobetasol conspiracy are the same as the SBA

  complaint.  The same drug formulations are at issue, and plaintiff alleges the same

  'lockstep' price increases beginning in early June 2014 following the same trade-

  association meetings."  Defs.' Br. at 3.

- **A. F. of L.**  "A. F. of L's complaint cribbed verbatim most of its factual allegations

  and charts from the NECA complaint."  *Id.*

- **Plumbers.**  "The general facts alleged to support the existence of or the allegations

  concerning each conspiracy (*i.e.*, timing and parallel pricing) are essentially the same

  as the conspiracies alleged in the other five prior pending actions."  *Id.* at 4-5.

- **IUOE Local 30.**  "With the exception of a few edits and word changes, International

  Union's complaint copies the Plumbers & Pipefitters complaint *in haec verba*."  *Id.* at

  5.

While all of the Related Actions allege the same price increases, NECA emphasizes its

use of wholesale and actual acquisition cost data, as opposed to the NADAC data Sergeants cited

in its initial complaints.  NECA Br. at 7-8.  NADAC data is reliable[6] and frequently relied upon

to demonstrate coordinated price increases in a litigation context, as evidenced by NECA and its

counsel's recent use of NADAC data in a complaint alleging coordinated price increases of the

heart drug Digoxin.  *See* Complaint, *NECA-IBEW Welfare Trust Fund v. Allergan, et al.*, No.

2:16-cv-01371-CMR, ECF No. 1 at ¶ 55 (E.D. Pa. Mar. 25, 2016) (alleging "identical" price

increases by reference to NADAC data).  Similarly, the investigations conducted by counsel for

A. F. of L., Plumbers, and IUOE Local 30 into pricing of prescription drugs not at issue here

are of limited relevance to these proceedings.  *See* A. F. of L. Br. at 6-7 (citing investigations of

Digoxin as well as of Doxycycline (an antibiotic) and Pravistatin (a cholesterol drug)); Plumbers

Br. at 3 (citing investigations of Digoxin and Doxycycline); IUOE Local 30 Br. at 5 (same).

### 2.  Girard Gibbs Has Current Experience Leading Pharmaceutical Antitrust Cases

Girard Gibbs' relevant experience and knowledge of the applicable law qualify it to serve

as interim lead counsel in these matters.  Girard Gibbs currently serves as lead counsel for

indirect purchasers in *In re Lidoderm Antitrust Litigation*, a "pay-for-delay" pharmaceutical case

pending in the Northern District of California in which class certification has been fully briefed

and argued.  Girard Gibbs also serves in a leadership capacity in four other pharmaceutical

antitrust cases:  *In re Nexium Antitrust Litigation* (in which the firm played a significant role in

obtaining class certification and defending the ruling on appeal); *In re Aggrenox Antitrust*

*Litigation*; *In re Niaspan Antitrust Litigation*; and *In re Solodyn (Minocycline Hyrdochloride)*

---

[6] Ctrs. for Medicare & Medicaid Servs., Methodology for Calculating the National Average Drug Acquisition Cost (NADAC) 18-19 (Nov. 2013), https://www.medicaid.gov/medicaid-chip-program-information/by-topics/prescription-drugs/ful-nadac-downloads/nadacmethodology.pdf (finding that NADAC pricing information regarding generic drugs is within 10 percent of the true average drug cost 95 out of 100 times).

*Antitrust Litigation*.  Girard Gibbs acknowledges the considerable expertise and achievements of other plaintiffs' counsel but respectfully submits that given its ongoing work in leading pharmaceutical antitrust cases and its initiative in developing these cases, Girard Gibbs is best positioned to lead this litigation.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant Sergeants' Motion and enter its [Proposed] Order Concerning Consolidation, Appointment of Interim Lead Counsel, and Limited Production of DOJ Subpoenas.


Dated: December 2, 2016                         Respectfully submitted,

                                                **GIRARD GIBBS LLP**

                                                By:    /s/ *Daniel C. Girard*

                                                Daniel C. Girard
                                                Dena C. Sharp
                                                Jordan Elias
                                                Scott M. Grzenczyk
                                                Adam E. Polk
                                                Elizabeth A. Kramer

                                                711 Third Ave, 20th Floor
                                                New York, New York 10017
                                                Telephone:  (212)798-0136
                                                Facsimile:  (212) 557-2952
                                                Email: dcg@girardgibbs.com

                                                601 California Street, 14th Floor
                                                San Francisco, CA 94108
                                                Telephone:  (415) 981-4800
                                                Facsimile:  (415) 981-4846

                                                **SAFIRSTEIN METCALF LLP**
                                                Peter Safirstein
                                                1250 Broadway, 27th Floor
                                                New York, NY 10001
                                                Telephone:  (212) 201-2845

Email: psafirstein@safirsteinmetcalf.com

*Attorneys for Plaintiff Sergeants Benevolent*
*Association Health and Welfare Fund*

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel C. Girard, hereby certify that on December 2, 2016, I caused the foregoing

Memorandum of Law in Response to Motions for Consolidation and Appointment of Interim

Lead Counsel to be filed electronically with the United States District Court for the Southern

District of New York through the Court's mandated ECF service.

I also certify that I caused the forgoing document to be served on all parties on the

attached service list.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 2nd day of December, 2016 at San Francisco, California.


      /s/ Daniel C. Girard
       Daniel C. Girard

**SERVICE LIST**

<u>**Counsel for Plaintiffs**</u>

| Name | E-mail Address or Mailing Address | Firm | Represents |
|------|-----------------------------------|------|------------|
| Samuel H. Rudman | srudman@rgrdlaw.com | Robbins Geller Rudman & Dowd LLP | NECA-IBEW Welfare Trust |
| David W. Mitchell | davidm@rgrdlaw.com | Robbins Geller Rudman & Dowd LLP | NECA-IBEW Welfare Trust Fund |
| Brian O. O'Mara | bomara@rgrdlaw.com | Robbins Geller Rudman & Dowd LLP | NECA-IBEW Welfare Trust Fund |
| Alexandra S. Bernay | xanb@rgrdlaw.com | Robbins Geller Rudman & Dowd LLP | NECA-IBEW Welfare Trust Fund |
| Arthur L. Shingler III | ashingler@rgrdlaw.com | Robbins Geller Rudman & Dowd LLP | NECA-IBEW Welfare Trust Fund |
| Carmen A. Medici | cmedici@rgrdlaw.com | Robbins Geller Rudman & Dowd LLP | NECA-IBEW Welfare Trust Fund |
| Paul J. Geller | pgeller@rgrdlaw.com | Robbins Geller Rudman & Dowd LLP | NECA-IBEW Welfare Trust Fund |
| Mark J. Dearman | mdearman@rgrdlaw.com | Robbins Geller Rudman & Dowd LLP | NECA-IBEW Welfare Trust Fund |
| Damien J. Marshall | dmarshall@bsfllp.com | Boies, Schiller & Flexner LLP | NECA-IBEW Welfare Trust Fund |
| Duane L. Loft | dloft@bsfllp.com | Boies, Schiller & Flexner LLP | NECA-IBEW Welfare Trust Fund |
| Matthew S. Tripolitsiotis | mtripolitsiotis@bsfllp.com | Boies, Schiller & Flexner LLP | NECA-IBEW Welfare Trust Fund |

| Name | E-mail Address or Mailing Address | Firm | Represents |
|---|---|---|---|
| Patrick J. O'Hara | 2319 West Jefferson Street Springfield, IL 62702 patrick@cavanagh-ohara.com | Cavanagh & O'Hara | NECA-IBEW Welfare Trust Fund |
| Peter Safirstein | psafirstein@safirsteinmetcalf.com | Safirstein Metcalf LLP | Sergeants Benevolent Association Health & Welfare Fund |
| Elizabeth Metcalf | emetcalf@safirsteinmetcalf.com | Safirstein Metcalf LLP | Sergeants Benevolent Association Health & Welfare Fund |
| Kenneth A. Wexler | kaw@wexlerwallace.com | Wexler Wallace LLP | United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund |
| Justin N. Boley | jnb@wexlerwallace.com | Wexler Wallace LLP | United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund |
| Scott A. Martin | smartin@hausfeld.com | Hausfeld LLP | Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund / International Union of Operating Engineers Local 30 Benefits Fund |
| Michael P. Lehman | mlehmann@hausfeld.com | Hausfeld LLP | Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund / International Union of |

| Name | E-mail Address or Mailing Address | Firm | Represents |
|---|---|---|---|
| | | | Operating Engineers Local 30 Benefits Fund |
| Bonny E. Sweeney | bsweeney@hausfeld.com | Hausfeld LLP | Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund / International Union of Operating Engineers Local 30 Benefits Fund |
| Christopher L. Lebsock | clebsock@hausfeld.com | Hausfeld LLP | Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund / International Union of Operating Engineers Local 30 Benefits Fund |
| Stephanie Y. Cho | scho@hausfeld.com | Hausfeld LLP | Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund / International Union of Operating Engineers Local 30 Benefits Fund |
| Hilary K. Scherer | hscherrer@hausfeld.com | Hausfeld LLP | Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund / International Union of Operating Engineers Local |

| Name | E-mail Address or Mailing Address | Firm | Represents |
|------|-----------------------------------|------|------------|
| | | | 30 Benefits Fund |
| Jeannine M. Kenney | jkenney@hausfeld.com | Hausfeld LLP | Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund / International Union of Operating Engineers Local 30 Benefits Fund |
| Frank R. Schirripa | fschirripa@hrsclaw.com | Hach Rose Schirripa & Cheverie LLP | International Union of Operating Engineers Local 30 Benefits Fund |
| Daniel B. Rehns | drehns@hrsclaw.com | Hach Rose Schirripa & Cheverie LLP | International Union of Operating Engineers Local 30 Benefits Fund |
| Michael M. Buchman | mbuchman@motleyrice.com | Motley Rice LLC | A.F of L. – A.G.C. Building Trades Welfare Plan |
| Eric C. Durba | edurba@motleyrice.com | Motley Rice LLC | A.F of L. – A.G.C. Building Trades Welfare Plan |

**Counsel for Defendants**

| Name | E-mail Address or Mailing Address | Firm | Represents |
|------|-----------------------------------|------|------------|
| Scott A. Stempel | scott.stempel@morganlewis.com | Morgan, Lewis & Bockius LLP | Perrigo Company Plc / Perrigo New York, Inc. |
| Damon W. Suden | dsuden@kelleydrye.com | Kelley Drye & Warren, LLP | Wockhardt Ltd. / Wockhardt USA LLC / Morton Grove Pharmaceuticals, Inc. |
| William A. Escobar | wescobar@kelleydrye.com | Kelley Drye & Warren, LLP | Wockhardt Ltd. / Wockhardt USA LLC / Morton Grove Pharmaceuticals, Inc. |
| Laura S. Shores | laura.shores@kayescholer.com | Kaye Scholer LLP | Fougera Pharmaceuticals, Inc. / Sandoz, Inc. |
| Margaret Anne Rogers | margaret.rogers@kayescholer.com | Kaye Scholer LLP | Fougera Pharmaceuticals, Inc. / Sandoz, Inc. |
| Saul P. Morgenstern | saul.morgenstern@kayescholer.com | Kaye Scholer LLP | Fougera Pharmaceuticals, Inc. / Sandoz, Inc. |
| Jay Philip Lefkowitz | lefkowitz@kirkland.com | Kirkland & Ellis LLP | Akorn, Inc. / Hi-Tech Pharmacal Co., Inc. |
| Joseph Serino, Jr. | joseph.serino@kirkland.com | Kirkland & Ellis LLP | Akorn, Inc. / Hi-Tech Pharmacal Co., Inc. |
| Katherine Anne Rocco | katherine.rocco@kirkland.com | Kirkland & Ellis LLP | Akorn, Inc. / Hi-Tech Pharmacal Co., Inc. |
| J. Douglas Baldridge | j.baldridge@venable.com | Venable LLP | Taro Pharmaceutical Industries Ltd. / Taro Pharmaceuticals USA, Inc. |
| Lisa Jose Fales | ljfales@venable.com | Venable LLP | Taro Pharmaceutical Industries Ltd. / Taro Pharmaceuticals USA, Inc. |

| Name | E-mail Address or Mailing Address | Firm | Represents |
|------|-----------------------------------|------|------------|
| Danielle R. Foley | drfoley@venable.com | Venable LLP | Taro Pharmaceutical Industries Ltd. / Taro Pharmaceuticals USA, Inc. |
| David N. Cinotti | dncinotti@venable.com | Venable LLP | Taro Pharmaceutical Industries Ltd. / Taro Pharmaceuticals USA, Inc. |
| Anne E. Railton | arailton@goodwinlaw.com | Goodwin Procter LLP | Teva Pharmaceutical USA, Inc. |
| Christopher T. Holding | cholding@goodwinlaw.com | Goodwin Procter LLP | Teva Pharmaceutical USA, Inc. |