**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SERGEANTS BENEVOLENT ASSOCIATION HEALTH & WELFARE FUND, on behalf of itself and all others similarly situated, | Case No. 1:16-cv-07229-WHP |
| Plaintiff, | |
| vs. | |
| FOUGERA PHARMACEUTICALS, INC., HI-TECH PHARMACAL CO., INC., PERRIGO COMPANY PLC, SANDOZ, INC., TARO PHARMACEUTICAL INDUSTRIES, LTD., TARO PHARMACEUTICALS USA, INC., and WOCKHARDT USA LLC, | |
| Defendants. | |
| SERGEANTS BENEVOLENT ASSOCIATION HEALTH & WELFARE FUND, on behalf of itself and all others similarly situated, | Case No. 1:16-cv-07987-WHP |
| Plaintiff, | |
| vs. | |
| FOUGERA PHARMACEUTICALS, INC., PERRIGO COMPANY PLC, PERRIGO NEW YORK, INC., SANDOZ, INC., TARO PHARMACEUTICAL INDUSTRIES, LTD., and TARO PHARMACEUTICALS USA, INC., | |
| Defendants. | |
| SERGEANTS BENEVOLENT ASSOCIATION HEALTH & WELFARE FUND, on behalf of itself and all others similarly situated, | Case No. 1:16-cv-08911-WHP |
| Plaintiff, | |

vs.

TARO PHARMACEUTICAL INDUSTRIES,
LTD., TARO PHARMACEUTICALS USA,
INC., SUN PHARMACEUTICAL
INDUSTRIES LTD., TEVA
PHARMACEUTICAL INDUSTRIES LTD.,
and TEVA PHARMACEUTICALS USA INC.,

Defendants.

**REPLY IN SUPPORT OF SERGEANTS BENEVOLENT ASSOCIATION HEALTH
AND WELFARE FUND'S MOTION FOR CONSOLIDATION, APPOINTMENT OF
GIRARD GIBBS LLP AS INTERIM LEAD COUNSEL, AND
<u>LIMITED PRODUCTION OF DOJ SUBPOENAS</u>**

**TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................................... 1

II.  ARGUMENT ................................................................................................................. 2

  A.  Pretrial Coordination Will Maximize Efficiency and Avoid Unnecessary
    Duplication of Effort ............................................................................................ 2

  B.  Centralized Leadership of the Related Actions Is Fair and Efficient ..................... 6

  C.  Taro Should Produce the DOJ Subpoenas and Related Materials to
    Streamline Discovery and Facilitate Efficient Case Management ........................ 7

III.  CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Digital Sin, Inc. v. Does 1-176*
   279 F.R.D. 239 (S.D.N.Y. 2012) ................................................................................ 8

*Durham v. DOJ*
   829 F. Supp. 428 (D.D.C. 1993) ................................................................................ 9

*In re Bank of Am. Corp. Sec., Derivative, & Employment Ret. Income Sec. Act (ERISA) Litig.*
   2009 WL 4796169 (S.D.N.Y. Nov. 16, 2009) ......................................................... 8

*In re Bear Stearns Companies, Inc. Sec., Deriv., & Empl. Ret. Income Sec. Act (ERISA) Litig.*
   2009 WL 50132 (S.D.N.Y. Jan. 5, 2009) ................................................................ 7

*In re Currency Conversion Fee Antitrust Litig.*
   2002 WL 88278 (S.D.N.Y. Jan. 22, 2002) ............................................................... 7

*In re Currency Conversion Fee Antitrust Litig.*
   264 F.R.D. 100 (S.D.N.Y. 2010) .............................................................................. 6

*In re Graphics Processing Units Antitrust Litig.*
   2007 WL 2127577 (N.D. Cal. July 24, 2007) ......................................................... 9

*In re Generic Drug Pricing Antitrust Litig.*
   2016 WL 4153602 (J.P.M.L. Aug. 5, 2016) ............................................................ 5

*In re Initial Pub. Offering Sec. Litig.*
   227 F.R.D. 65 (S.D.N.Y. 2004) ................................................................................ 3

*In re Initial Pub. Offering Sec. Litig.*
   471 F.3d 24 (2d Cir. 2006) ........................................................................................ 3

*In re Lithium Ion Batteries Antitrust Litig.*
   2013 WL 2237887 (N.D. Cal. May 21, 2013) ......................................................... 7

*In re Nat'l Student Mktg. Litig.*
   368 F. Supp. 1311 (J.P.M.L. 1972) .......................................................................... 4

*In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices Litig.*
   282 F.R.D. 486 (C.D. Cal. 2012) ............................................................................. 6

*In re Parking Heaters Antitrust Litig.*
   310 F.R.D. 54 (E.D.N.Y. 2015) ............................................................................... 6

*In re Vitamin Antitrust Litig.*
   2002 WL 35021999 (D.D.C. Jan. 23, 2002) ........................................................... 9

*Kamerman v. Steinberg*
   113 F.R.D. 511 (S.D.N.Y. 1986) ................................................................ 7

*Malibu Media, LLC v. Doe*
   2015 WL 3651566 (S.D.N.Y. June 5, 2015) ........................................... 10

*Milk Studios, LLC v. Samsung Elecs. Co.*
   2015 WL 1402251 (S.D.N.Y. Mar. 26, 2015) ........................................ 10

*North Atl. Operating Co. v. Evergreen Distribs., LLC*
   293 F.R.D. 363 (E.D.N.Y. 2013) ............................................................. 8

*Seijas v. Republic of Argentina*
   606 F.3d 53 (2d Cir. 2010) ...................................................................... 6

*United States v. Dynavac, Inc.*
   6 F.3d 1407 (9th Cir. 1993) ..................................................................... 9

*United States ex rel. Boise v. Cephalon, Inc.*
   2014 WL 6676629 (E.D. Pa. Nov. 25, 2014) ......................................... 4

*United States v. Interstate Dress Carriers, Inc.*
   280 F.2d 52 (2d Cir. 1960) ...................................................................... 9

**Rules**

Fed. R. Civ. P. 1 ...................................................................................................... 4

Fed. R. Civ. P. 26 ............................................................................................... 2, 8

Fed. R. Civ. P. 42(a)(3) ........................................................................................ 2

Fed. R. Crim. P. 6(e)(2) ........................................................................................ 9

**Statutes**

28 U.S.C. § 1407 ................................................................................................... 4

**Other Authorities**

Manual for Complex Litigation (Fourth) (2004) ............................................. 1, 3, 4

## I.   __INTRODUCTION__

The Related Actions[1] allege overlapping conspiracies to raise, fix, and stabilize the prices of commonly prescribed generic topical corticosteroids.  Coordination of case management, motion practice, and discovery will conserve the resources of the Court and the parties and further the fair and efficient conduct of the actions.  The cases should be formally coordinated for pretrial purposes on a master docket.  *See* Manual for Complex Litigation (Fourth) § 20.11 at 218.

The Court should also appoint Girard Gibbs—counsel for Sergeants, and the first plaintiff to file the clobetasol, desonide, and fluocinonide cases—as interim lead counsel (or co-lead counsel) responsible for overseeing the litigation.   While plaintiffs in two later-filed cases speculate that conflicts of interests among the plaintiff classes could eventually emerge,[2] they can point to no apparent conflicts and the appointment of a firm or firms to prosecute a set of coordinated cases is routine in complex litigation.  Sergeants paid for and reimbursed purchases of the three drugs at supracompetitive prices.  Its interests are therefore aligned with those of indirect purchasers of each drug to recover the overcharges from each group of defendants.

---

[1] The Related Actions are *Sergeants Benevolent Assoc. Health & Welfare Fund v. Fougera Pharms., Inc.* (1:16-cv-07229) ("*Sergeants I*"); *United Food & Comm. Workers Unions & Emps. Midwest Health Benefits Fund v. Fougera Pharms., Inc.* (1:16-cv-07979) ("*UFCW*"); *Sergeants Benevolent Assoc. Health & Welfare Fund v. Fougera Pharms., Inc.* (1:16-cv-07987) ("*Sergeants II*"); *NECA-IBEW Welfare Trust Fund v. Akorn, Inc.* (1:16-cv-08109) ("*NECA*"); *Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund v. Fougera Pharms., Inc.* (1:16-cv-08374) ("*Plumbers*"); *A. F. of L. – A.G.C Building Trades Welfare Plan v. Akorn, Inc.* (1:16-cv-08469) ("*A. F. of L.*"); *Int'l Union of Operating Eng'rs Local 30 Benefits Fund v. Fougera Pharms., Inc.* (1:16-cv-08539) ("*IUOE Local 30*"); *Sergeants Benevolent Assoc. Health & Welfare Fund v. Taro Pharm. Indus., Ltd.* (1:16-cv-08911) ("*Sergeants III*"); *UFCW Local 1500 Welfare Fund v. Akorn, Inc., et al.* (1:16-cv-09392) ("*UFCW Local 1500 I*"); and *UFCW Local 1500 Welfare Fund v. Actavis Holdco U.S., Inc., et al.* (1:16-cv-9431) ("*UFCW Local 1500 II*").

[2] NECA Opp. at 3; *see also* A. F. of L. Br. at 3-4.

At this stage, rather than seeking production of all documents defendants have produced to the DOJ, Sergeants requests only the DOJ subpoenas issued to defendant Taro, as well as any responses and related communications.  Sergeants has argued that these materials will inform the parties' Rule 26(f) discussions and facilitate the formulation of a discovery plan and not, as defendants suggest, that Sergeants needs these materials to improve its complaint.  Taro has advanced no persuasive reason the Court should not order the production of these documents.

## II.   ARGUMENT

### A.   Pretrial Coordination Will Maximize Efficiency and Avoid Unnecessary Duplication of Effort

Although Sergeants believes that consolidation of the clobetasol, desonide, and fluocinonide actions for all purposes is premature, the common questions of law and fact raised by the Related Actions warrant their coordination "to avoid unnecessary cost or delay."  Fed. R. Civ. P. 42(a)(3).  Defendants take the extreme position that "there are no common questions of fact or law" here, and "no efficiencies to be gained by coordinating."  Defs.' Opp. at 2, 16.  But the Related Actions involve common operative facts and claims, as each case (i) alleges a price-fixing conspiracy in the market for a generic topical corticosteroid; (ii) implicates materially identical market characteristics; (iii) involves overlapping parties; and (iv) seeks recovery of overcharges in overlapping time periods.  Sergeants' Opp. at 3-4.

As a result, there are considerable efficiencies to be gained by formally coordinating these Related Actions.  It makes no sense to do in triplicate what can be done once.[3]  Basic housekeeping matters relating to evidence preservation, a stipulated protective order, and an ESI

---

[3] On December 7, 2016, UFCW Local 1500 filed a motion requesting that the Court implement Sergeants' proposal to separately consolidate clobetasol, desonide, and fluocinonide and coordinate the cases on a master docket.  UFCW Local 1500 Br. at 4 n. 1.

protocol, for example, need not be negotiated separately in each of the three related cases. Common discovery can be coordinated as well.  Documents produced in one of the actions may be deemed produced in the other two actions, and the parties may propose a "single or master set of interrogatories to be served on an opposing party."  Manual for Complex Litigation (Fourth) § 11.464 at 92 (2004).  Depositions of executives at Taro, Sun, Fougera, and Sandoz—whose testimony will be relevant to at least two of the cases—can be taken once, rather than seriatim. *See id.* at § 11.455 at 89 ("Examination regarding subjects of interest only to a particular case may be deferred until the conclusion of direct and cross-examination on matters of common interest.").  Class representatives likewise could "be deposed once for all cases given the identical relevant conduct," i.e., their indirect purchases of generic topical corticosteroids. *Sergeants I*, ECF No. 75, Ex. C at 4 (Opinion and Order Denying End-Payor Plaintiffs' Motion to Consolidate Claims, *In re Auto. Parts Litig.*, No. 12-md-02311 (E.D. Mich. Apr. 13, 2016), ECF No. 162).

Similarly, the Court can direct the parties to propose a coordinated approach to motion practice to avoid repetitive briefing of issues that will arise in all three cases.  *E.g.*, *In re Initial Pub. Offering Sec. Litig.*, 227 F.R.D. 65, 72 (S.D.N.Y. 2004) ("Because the question of whether a class can be certified . . . is common to *all* of these consolidated actions, judicial efficiency counsels in favor of a test case approach.") (emphasis in original), *vacated on other grounds*, 471 F.3d 24 (2d Cir. 2006).  Issues common to one or more of the cases—as in a motion to compel evidence from a common defendant—can be briefed jointly.  Manual for Complex Litigation (Fourth) § 11.32 at 43 (2004) (". . . requiring joint briefs whenever feasible, will expedite the litigation."); *see also* Case Management Order No. 2, *In re Auto. Parts Litig.*, No. 12-md-02311

(E.D. Mich. July 10, 2012), ECF No. 199 at 3 (setting separate protocols for "collective briefs on collective issues" and "briefs filed by individual defendants.").

Defendants cite no authority counseling against the practice of coordinating related cases pending in the same district on a master docket.  *See* Manual for Complex Litigation (Fourth) § 20.11 at 218 (2004); *e.g.*, *Sergeants I*, ECF No. 75, Ex. D. (Pretrial Order No. 1, *In re Checking Account Overdraft Litig.*, No. 1:09-md-02036-JLK (S.D. Fla. Sept. 14, 2009), ECF No. 29). *United States ex rel. Boise v. Cephalon, Inc.* (Defs.' Opp. at 18) did not address coordination of related cases but instead a request for "complete consolidation" based on "the mere existence of similar legal theories."  No. 08-cv-287, 2014 WL 6676629, at *2 (E.D. Pa. Nov. 25, 2014).  While *Auto Parts* and *Checking Account Overdraft* were multidistrict proceedings, the case management strategies adopted in those cases are instructive here.  Defs.' Opp. at 19.  This Court has accepted the clobetasol, desonide, and fluocinonide actions as related, and the same efficiency and fairness concerns that guide multidistrict litigation practice should apply with equal force here.  *In re Nat'l Student Mktg. Litig.*, 368 F. Supp. 1311, 1316 (J.P.M.L. 1972) ("The basic purpose underlying the enactment of 28 U.S.C. § 1407 was to secure, in multi-district civil litigation as in all other civil litigation, the 'just, speedy and inexpensive determination of every action.'") (quoting Fed. R. Civ. P. 1).

Sergeants disagrees with plaintiffs A. F. of L. and UFCW Local 1500 that the Court should appoint counsel to "ensure seamless coordination" between the Related Actions and price-fixing cases involving entirely unrelated drugs in the Eastern District of Pennsylvania.[4]  A.

---

[4] Multidistrict litigation involving the drugs Digoxin and Doxycycline is pending before Judge Cynthia M. Rufe.  *In re Generic Digoxin and Doxycycline Antitrust Litig.*, No. 16-MD-2724

F. of L. Br. at 12; UFCW Local 1500 Br. at 2, 12.  As things now stand, the corticosteroid cases are well-positioned to proceed apace before this Court.  The proponents of inter-district coordination have not shown a present need for a further layer of coordination.

Finally, defendants take issue with Sergeants' proposal to coordinate the Related Actions on a master docket titled *In re Topical Corticosteroids Antitrust Litigation* as overbroad, citing to a naming dispute that occurred early in the *Digoxin* litigation.  Defs.' Opp. at 19-20.  Sergeants' proposal here is far narrower than the proposal made by the *Digoxin* plaintiffs, however.  There, attorneys representing purchasers of digoxin and doxycycline—including certain plaintiffs' counsel in the Related Actions—requested that the litigation be styled *In re Generic Drug Pricing Antitrust Litigation*, to preserve the possibility of including in that litigation antitrust claims involving other generic drugs.  *A. F. of L.*, ECF No. 53, Ex. 2 at 6:24-7:1; 8:2-20.  A member of Judicial Panel on Multidistrict Litigation commented that *In re Generic Drug Pricing Antitrust Litigation* was "not really descriptive" and could implicate "more than a thousand generic drugs"; and the Panel opted to name the coordinated litigation *In re Generic Digoxin and Doxycycline Antitrust Litigation*.  *Id.*; *see also In re Generic Drug Pricing Antitrust Litig.*, MDL No. 2724, 2016 WL 4153602, at *2 (J.P.M.L. Aug. 5, 2016).  Because the drugs at issue here are all topical corticosteroids and the claims involve substantial factual overlap, Sergeants respectfully submits its proposed caption for the master docket,  *In re Topical Corticosteroids Antitrust Litigation,* is appropriate.

---

(E.D. Pa.).  Separate cases involving the drugs Pravastatin and Divalproex are also pending in the Eastern District of Pennsylvania before different judges.

### B.      Centralized Leadership of the Related Actions Is Fair and Efficient

NECA and A. F. of L. allude to "potential conflicts of interest," in support of their

arguments (1) that the Court should appoint separate class counsel for the Related Actions;[5] and

(2) against consolidation.[6]  But neither identifies any actual or potential conflict, much less a

"fundamental" or "disabling" conflict.  *In re Currency Conversion Fee Antitrust Litig.*, 264

F.R.D. 100, 111-13 (S.D.N.Y. 2010); *see also In re Parking Heaters Antitrust Litig.*, 310 F.R.D.

54, 59 (E.D.N.Y. 2015) ("I am satisfied that the record does not yet establish that any actual

conflict exists . . . ."); *In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Practices

Litig.*, 282 F.R.D. 486, 491 (C.D. Cal. 2012) (holding "it is premature to deny consolidation

simply because a potential conflict may arise at the remedy stage.") (citing *Seijas v. Republic of

Argentina*, 606 F.3d 53, 57 (2d Cir. 2010)).  No inherent conflicts arise from appointing

centralized leadership for cases involving purchases of different drugs.  Because  any conflict is

purely conjectural, counsel for A. F. of L. and NECA have not hesitated to seek appointment to

leadership positions in the *Digoxin* MDL while concurrently seeking appointment here.  *See A.

F. of L.*, ECF No. 60, Ex. 1 at 1-2, 34:13-39:8; 45:17-22; 49:5-11.

Moreover, neither NECA nor A. F. of L. cites any analogous case in which a potential

conflict precluded appointment of class counsel.  Proceedings like this one, *Auto Parts*, and

*Digoxin*, in which antitrust claims are brought on behalf of similarly situated classes, are easily

distinguished from proceedings in which separately consolidated class and derivative actions

arising from allegations of securities fraud are coordinated.  *E.g.*, NECA Opp. at 2-3 (citing *In re

Bear Stearns Companies, Inc. Sec., Deriv., & Empl. Ret. Income Sec. Act (ERISA) Litig.*, No. 08

---

[5] NECA Opp. at 3

[6] A. F. of L. Br. at 3-5.

M.D.L. 1963 (RWS), 2009 WL 50132, at *4–5 (S.D.N.Y. Jan. 5, 2009)).  Such direct and

derivative actions allege different causes of action on behalf of plaintiff groups with diverging

interests.  *See Kamerman v. Steinberg*, 113 F.R.D. 511, 516 (S.D.N.Y. 1986) (prosecution of

class and derivative actions by the same shareholders creates a "substantial potential for

conflict").  Sergeants' interests align with those of other clobetasol, desonide, and fluocinonide

indirect purchasers in recovering their overcharges, and no potential conflict has been identified

that would preclude appointment of Sergeants' counsel to lead the litigation.

### C.   Taro Should Produce the DOJ Subpoenas and Related Materials to Streamline Discovery and Facilitate Efficient Case Management

Defendants' suggestion that any discovery must await the filing of consolidated

complaints or the adjudication of motions to dismiss should be rejected.  "Just as there are no

consolidated complaints on file, there are no motions to dismiss pending.  With no motion to

dismiss pending, it is premature to disallow discovery on the basis that a yet-to-be-filed

complaint may fail to state a plausible claim for relief."  *In re Lithium Ion Batteries Antitrust

Litig.*, No. 13-MD-02420 YGR, 2013 WL 2237887, at *3 (N.D. Cal. May 21, 2013);  *see also In

re Currency Conversion Fee Antitrust Litig.*, No. M21-95 WHP, 2002 WL 88278, at *1

(S.D.N.Y. Jan. 22, 2002) (denying in part motion to stay discovery pending determination of

motions to dismiss).

Sergeants has shown good cause for an order requiring Taro to make an initial limited

production of the DOJ subpoenas, any written responses and related communications.

Production of these materials will facilitate the parties' formulation of a discovery plan in

accordance with the Court's Order for Initial Pretrial Conference[7] and will impose little or no

burden on Taro.  *See Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012)

("Courts in this district have applied a 'flexible standard of reasonableness and good cause' in

determining whether to grant a party's expedited discovery request.") (citation omitted); *In re*

*Bank of Am. Corp. Sec., Derivative, & Employment Ret. Income Sec. Act (ERISA) Litig.*, No. 09

MDL 2058 (DC), 2009 WL 4796169, at *2 (S.D.N.Y. Nov. 16, 2009) (listing "case

management" as one factor courts may consider in determining whether good cause to lift a

discovery stay exists); *see also* Fed. R. Civ. P. 26 advisory committee's note (2015) (early

discovery is "designed to facilitate focused discussion during the Rule 26(f) conference.").

　　　Defendants' undue burden arguments are directed primarily at NECA, A. F. of L.,

Plumbers, and IUOE Local 30, as Sergeants does not seek "all documents responsive to any

subpoena or government request" or the "documents responsive to the subpoenas."  Defs.' Opp.

at 3, 10.  Sergeants has instead limited its request to the Taro subpoenas themselves, as well as

written responses and related communications.  Defendants' argument that they would need to

undertake a "complex, time consuming, and expensive" re-review of documents (Defs.' Opp. at

11) is thus irrelevant to Sergeants' narrow motion.  Sergeants' request for limited early discovery

should be granted under these circumstances.  *North Atl. Operating Co. v. Evergreen Distribs.,*

*LLC*, 293 F.R.D. 363, 367 (E.D.N.Y. 2013)  ("Courts may find that there is good cause when

'the need for expedited discovery, in consideration of the administration of justice, outweighs the

prejudice to the responding party.'") (citation omitted); *see also Sergeants I*, ECF No. 75, Ex. E

(*In re Optical Disk Drive Antitrust Litig.*, No. 10-md-2143-RS (N.D. Cal. 2011), ECF Nos. 370,

---

[7] *Sergeants I*, ECF No. 23.

379) (ordering production of all documents already produced to the DOJ after considering the defendants' undue burden arguments).

Defendants' assertion that production of the DOJ subpoenas and related materials would "impermissibly disclose the scope of the government's investigation and the grand jury's deliberations" lacks merit. Defs.' Opp. at 13. Federal Rule of Criminal Procedure 6(e) prohibits disclosure of grand jury proceedings by the government and certain enumerated parties like interpreters and court reporters, but defendants are not similarly barred. Fed. R. Crim. P. 6(e)(2); *see also In re Vitamin Antitrust Litig.*, No. 99-197 (TFH), 2002 WL 35021999, at *36-37 (D.D.C. Jan. 23, 2002) (holding that defendants in an antitrust case were not bound by Rule 6(e) because the plain language of the rule "imposes no obligations on grand jury witnesses."). In other words, "defendants are *not* in the Rule 6(e) list. They are free to reveal the subpoena itself as well as all documents produced in response to it." *In re Graphics Processing Units Antitrust Litig.*, No. C 07417 WHA, 2007 WL 2127577, at *2 (N.D. Cal. July 24, 2007) (emphasis in original). Rule 6(e), moreover, does not prohibit the disclosure of otherwise discoverable documents merely because they are subject to a grand jury proceeding, but is instead "intended only to protect against disclosure of what is said or takes place in the grand jury room . . . ." *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1411 (9th Cir. 1993) (quoting *United States v. Interstate Dress Carriers, Inc.*, 280 F.2d 52, 54 (2d Cir. 1960)).

Defendants cite *Durham v. DOJ*, 829 F. Supp. 428, 432 (D.D.C. 1993) in support of their Rule 6(e) argument. But in *Durham* the government refused to produce information that would reveal the identity of witnesses or the substance of testimony. Here, Taro—not the government—is opposing production. The other cases defendants cite are no more persuasive. Sergeants does not seek permission to serve an early subpoena that would burden a third party,

as was the case in *Malibu Media, LLC v. Doe*, No. 15-CV-1883 LTS KNF, 2015 WL 3651566, at *3 (S.D.N.Y. June 5, 2015). Nor is Sergeants requesting "an expedited trial on the merits" requiring the court to analyze the likelihood of irreparable harm absent such relief, as in *Milk Studios, LLC v. Samsung Elecs. Co.*, No. 14 CIV. 09362 PAC, 2015 WL 1402251, at *1 (S.D.N.Y. Mar. 26, 2015).

## III.    CONCLUSION

For the reasons set forth above and in Sergeants' prior submissions, the Court should grant Sergeants' Motion for Consolidation, Appointment of Girard Gibbs LLP as Interim Lead Counsel, and Limited Production of DOJ Subpoenas.


Dated: December 9, 2016                         Respectfully submitted,

                                                **GIRARD GIBBS LLP**

                                                By:    /s/ *Daniel C. Girard*

                                                Daniel C. Girard
                                                Dena C. Sharp
                                                Jordan Elias
                                                Scott M. Grzenczyk
                                                Adam E. Polk
                                                Elizabeth A. Kramer

                                                711 Third Ave, 20th Floor
                                                New York, New York 10017
                                                Telephone:  (212)798-0136
                                                Facsimile:   (212) 557-2952
                                                Email: dcg@girardgibbs.com

                                                601 California Street, 14th Floor
                                                San Francisco, CA 94108
                                                Telephone:  (415) 981-4800
                                                Facsimile:   (415) 981-4846

                                                **SAFIRSTEIN METCALF LLP**
                                                Peter Safirstein

1250 Broadway, 27th Floor
New York, NY 10001
Telephone:  (212) 201-2845
Email: psafirstein@safirsteinmetcalf.com

*Attorneys for Plaintiff Sergeants Benevolent*
*Association Health and Welfare Fund*

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel C. Girard, hereby certify that on December 9, 2016, I caused the foregoing

Reply in Support of Sergeants Benevolent Association Health and Welfare Fund's Motion for

Consolidation, Appointment of Girard Gibbs LLP as Interim Lead Counsel and Limited

Production of DOJ Subpoenas to be filed electronically with the United States District Court for

the Southern District of New York through the Court's mandated ECF service.

I also certify that I caused the forgoing document to be served on all parties on the

attached service list.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of December, 2016 at San Francisco, California.


       */s/ Daniel C. Girard*
        Daniel C. Girard

## SERVICE LIST

**Counsel for Plaintiffs**

| Name | E-mail Address or Mailing Address | Firm | Represents |
|------|-----------------------------------|------|------------|
| Samuel H. Rudman | srudman@rgrdlaw.com | Robbins Geller Rudman & Dowd LLP | NECA-IBEW Welfare Trust |
| David W. Mitchell | davidm@rgrdlaw.com | Robbins Geller Rudman & Dowd LLP | NECA-IBEW Welfare Trust Fund |
| Brian O. O'Mara | bomara@rgrdlaw.com | Robbins Geller Rudman & Dowd LLP | NECA-IBEW Welfare Trust Fund |
| Alexandra S. Bernay | xanb@rgrdlaw.com | Robbins Geller Rudman & Dowd LLP | NECA-IBEW Welfare Trust Fund |
| Arthur L. Shingler III | ashingler@rgrdlaw.com | Robbins Geller Rudman & Dowd LLP | NECA-IBEW Welfare Trust Fund |
| Carmen A. Medici | cmedici@rgrdlaw.com | Robbins Geller Rudman & Dowd LLP | NECA-IBEW Welfare Trust Fund |
| Paul J. Geller | pgeller@rgrdlaw.com | Robbins Geller Rudman & Dowd LLP | NECA-IBEW Welfare Trust Fund |
| Mark J. Dearman | mdearman@rgrdlaw.com | Robbins Geller Rudman & Dowd LLP | NECA-IBEW Welfare Trust Fund |
| Damien J. Marshall | dmarshall@bsfllp.com | Boies, Schiller & Flexner LLP | NECA-IBEW Welfare Trust Fund |
| Duane L. Loft | dloft@bsfllp.com | Boies, Schiller & Flexner LLP | NECA-IBEW Welfare Trust Fund |
| Matthew S. Tripolitsiotis | mtripolitsiotis@bsfllp.com | Boies, Schiller & Flexner LLP | NECA-IBEW Welfare Trust Fund |

| Name | E-mail Address or Mailing Address | Firm | Represents |
|---|---|---|---|
| Patrick J. O'Hara | 2319 West Jefferson Street Springfield, IL 62702 patrick@cavanagh-ohara.com | Cavanagh & O'Hara | NECA-IBEW Welfare Trust Fund |
| Peter Safirstein | psafirstein@safirsteinmetcalf.com | Safirstein Metcalf LLP | Sergeants Benevolent Association Health & Welfare Fund |
| Elizabeth Metcalf | emetcalf@safirsteinmetcalf.com | Safirstein Metcalf LLP | Sergeants Benevolent Association Health & Welfare Fund |
| Kenneth A. Wexler | kaw@wexlerwallace.com | Wexler Wallace LLP | United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund |
| Justin N. Boley | jnb@wexlerwallace.com | Wexler Wallace LLP | United Food and Commercial Workers Unions and Employers Midwest Health Benefits Fund |
| Scott A. Martin | smartin@hausfeld.com | Hausfeld LLP | Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund / International Union of Operating Engineers Local 30 Benefits Fund |
| Michael P. Lehman | mlehmann@hausfeld.com | Hausfeld LLP | Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund / International Union of |

| Name | E-mail Address or Mailing Address | Firm | Represents |
|---|---|---|---|
|  |  |  | Operating Engineers Local 30 Benefits Fund |
| Bonny E. Sweeney | bsweeney@hausfeld.com | Hausfeld LLP | Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund / International Union of Operating Engineers Local 30 Benefits Fund |
| Christopher L. Lebsock | clebsock@hausfeld.com | Hausfeld LLP | Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund / International Union of Operating Engineers Local 30 Benefits Fund |
| Stephanie Y. Cho | scho@hausfeld.com | Hausfeld LLP | Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund / International Union of Operating Engineers Local 30 Benefits Fund |
| Hilary K. Scherer | hscherrer@hausfeld.com | Hausfeld LLP | Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund / International Union of Operating Engineers Local |

| Name | E-mail Address or Mailing Address | Firm | Represents |
|---|---|---|---|
| | | | 30 Benefits Fund |
| Jeannine M. Kenney | jkenney@hausfeld.com | Hausfeld LLP | Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund / International Union of Operating Engineers Local 30 Benefits Fund |
| Frank R. Schirripa | fschirripa@hrsclaw.com | Hach Rose Schirripa & Cheverie LLP | International Union of Operating Engineers Local 30 Benefits Fund |
| Daniel B. Rehns | drehns@hrsclaw.com | Hach Rose Schirripa & Cheverie LLP | International Union of Operating Engineers Local 30 Benefits Fund |
| Michael M. Buchman | mbuchman@motleyrice.com | Motley Rice LLC | A.F of L. – A.G.C. Building Trades Welfare Plan |
| Eric C. Durba | edurba@motleyrice.com | Motley Rice LLC | A.F of L. – A.G.C. Building Trades Welfare Plan |
| Gregory S. Asciolla | gasciolla@labaton.com | Labaton Sucharow LLP | UFCW Local 1500 Welfare Fund |
| Jay L. Himes | jhimes@labaton.com | Labaton Sucharow LLP | UFCW Local 1500 Welfare Fund |
| Karin W. Garvey | kgarvey@labaton.com | Labaton Sucharow LLP | UFCW Local 1500 Welfare Fund |

| Name | E-mail Address or Mailing Address | Firm | Represents |
|---|---|---|---|
| Robin A. Van Der Meulen | rvandermeulen@labaton.com | Labaton Sucharow LLP | UFCW Local 1500 Welfare Fund |
| Matthew J. Perez | mperez@labaton.com | Labaton Sucharow LLP | UFCW Local 1500 Welfare Fund |
| Rudi Julius | rjulius@labaton.com | Labaton Sucharow LLP | UFCW Local 1500 Welfare Fund |
| Roberta D. Liebenberg | rliebenberg@finekaplan.com | Fine, Kaplan and Black, R.P.C | UFCW Local 1500 Welfare Fund |
| Paul Costa | pcosta@finekaplan.com | Fine, Kaplan and Black, R.P.C | UFCW Local 1500 Welfare Fund |
| Adam J. Pessin | apessin@finekaplan.com | Fine, Kaplan and Black, R.P.C | UFCW Local 1500 Welfare Fund |

**Counsel for Defendants**

| Name | E-mail Address or Mailing Address | Firm | Represents |
|---|---|---|---|
| Scott A. Stempel | scott.stempel@morganlewis.com | Morgan, Lewis & Bockius LLP | Perrigo Company Plc / Perrigo New York, Inc. |
| John Clayton Everett, Jr. | jeverett@morganlewis.com | Morgan, Lewis & Bockius LLP | Perrigo Company Plc |
| Tracey Fallon Milich | tracey.milich@morganlewis.com | Morgan, Lewis & Bockius LLP | Perrigo Company Plc / Perrigo New York, Inc. |
| Damon W. Suden | dsuden@kelleydrye.com | Kelley Drye & Warren, LLP | Wockhardt Ltd. / Wockhardt USA LLC / Morton Grove Pharmaceuticals, Inc. |
| William A. Escobar | wescobar@kelleydrye.com | Kelley Drye & Warren, LLP | Wockhardt Ltd. / Wockhardt USA LLC / Morton Grove Pharmaceuticals, Inc. |

| Name | E-mail Address or Mailing Address | Firm | Represents |
|---|---|---|---|
| Laura S. Shores | laura.shores@kayescholer.com | Kaye Scholer LLP | Fougera Pharmaceuticals, Inc. / Sandoz, Inc. |
| Margaret Anne Rogers | margaret.rogers@kayescholer.com | Kaye Scholer LLP | Fougera Pharmaceuticals, Inc. / Sandoz, Inc. |
| Saul P. Morgenstern | saul.morgenstern@kayescholer.com | Kaye Scholer LLP | Fougera Pharmaceuticals, Inc. / Sandoz, Inc. |
| Jay Philip Lefkowitz | lefkowitz@kirkland.com | Kirkland & Ellis LLP | Akorn, Inc. / Hi-Tech Pharmacal Co., Inc. |
| Joseph Serino, Jr. | joseph.serino@kirkland.com | Kirkland & Ellis LLP | Akorn, Inc. / Hi-Tech Pharmacal Co., Inc. |
| Katherine Anne Rocco | katherine.rocco@kirkland.com | Kirkland & Ellis LLP | Akorn, Inc. / Hi-Tech Pharmacal Co., Inc. |
| J. Douglas Baldridge | j.baldridge@venable.com | Venable LLP | Taro Pharmaceutical Industries Ltd. / Taro Pharmaceuticals USA, Inc. |
| Lisa Jose Fales | ljfales@venable.com | Venable LLP | Taro Pharmaceutical Industries Ltd. / Taro Pharmaceuticals USA, Inc. |
| Danielle R. Foley | drfoley@venable.com | Venable LLP | Taro Pharmaceutical Industries Ltd. / Taro Pharmaceuticals USA, Inc. |
| David N. Cinotti | dncinotti@venable.com | Venable LLP | Taro Pharmaceutical Industries Ltd. / Taro Pharmaceuticals USA, Inc. |

| Name | E-mail Address or Mailing Address | Firm | Represents |
|---|---|---|---|
| Anne E. Railton | arailton@goodwinlaw.com | Goodwin Procter LLP | Teva Pharmaceutical USA, Inc. |
| Christopher T. Holding | cholding@goodwinlaw.com | Goodwin Procter LLP | Teva Pharmaceutical USA, Inc. |